**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ZOILA PAZ ORTEGA | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:20-cv-00069-RSP |
| TRIUS TRICKING, INC. and | § | |
| GABRIEL CUEVAS CASTRO, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue ("Motion"), filed on April 7, 2020, by Defendants Trius Trucking, Inc. and Gabriel Cuevas Castro. **Dkt. No. 6**. This action is brought by Zoila Paz Ortega against two California defendants arising out of a motor vehicle collision that occurred on September 12, 2019, in Hopkins County, Texas. Defendants seek an intra-district transfer from the Marshall Division to the Sherman Division pursuant to 28 U.S.C. § 1404(a). After consideration, the Court **DENIES** the Motion.

**I.    LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the

case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen I*, 371 F.3d at 203 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id*.

## II. ANALYSIS

### a. Proper Venue for the Case

There is no genuine dispute that venue is proper in the Eastern District of Texas.[1] Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

---

[1] Defendants occasionally stated in their motion that the crash occurred in the Northern District of Texas. *E.g.*, Dkt. No. 6 at 8. However, this appears to be a mistake as throughout the majority of the briefing, both parties state that the crash took place in this District and the record shows the same. *See* Dkt. No. 15-1 (police report identifying the crash took place in Hopkins County in this District).

### b. Private Interest Factors

#### i. Relative Ease of Access to Sources of Proof

The only identified witnesses currently, other than the parties, are Cody Wade, who was an eyewitness to the crash and lives in Texarkana, and Plaintiff's treating neurosurgeon, Dr. Charles Gordon, who practices in Tyler. Dkt. No. 15 at 2. These locations border the Marshall division and are closer to the Marshall Division than the Sherman Division. *See* Dkt. Nos. 15-2; 15-3; 15-4; 15-5 (showing the distance of the witnesses to the respective courthouses). Other than those two, only Officer Jameison Hawkins with the Sulphur Springs Police Department, who investigated the crash, was identified as a potential witness. His report is already on file. *See* Dkt. No. 15-1. There were no medical first responders and no one was transported from the scene to a hospital. Dkt. No. 15 at 8 (citing *id.*). Defendants do not specifically identify any witnesses or sources of proof that could not be easily accessed in Marshall.[2] Therefore, the location of the non-party witnesses favors Marshall.

Defendants argue that they are located closer to the Sherman Division than the Marshall Division. Dkt. No. 6 at 2 (citing Dkt. No. 1 at ¶¶ 2–3) (arguing that they are only approximately 1,550 miles from Sherman, but 1,700 miles from Marshall). However, Marshall is approximately 35 miles from the nearest major airport in Shreveport, Louisiana. S*ee* Dkt. No. 15-6*.* In contrast, the nearest major airport to the Sherman Division is approximately 66 miles away in Dallas. *See* Dkt. No. 15-7. Since the Defendants are likely to travel to Texas by plane, their means of travelling

---

[2] Defendants speculate that "[w]itnesses—including the investigating officer, first responders and emergency medical services (EMS), wrecker services, and others with knowledge regarding the weather and road conditions at the time of accident on September 12, 2019—**would likely** reside in and around Sulphur Springs, Hopkins County . . . ." Dkt. No. 6 at 7 (emphasis added). However, Defendants do not identify any specific witnesses.

favors trial in Marshall. Finally, the record does not reflect that this will be a document-intensive case. In sum, this factor does not favor transfer.

### ii. Availability of Compulsory Process to Secure the Attendance of Witnesses

Dr. Gordon and Mr. Wade, the only identified non-party witnesses, are more than 100 miles from the Sherman courthouse. Dkt. Nos. 15-3; 15-5 (showing the witnesses are both well over 100 miles from the Sherman courthouse). Thus, they are outside the compulsory subpoena power of that court. *See* FED. R. CIV. P. 45(c); *see also In re Volkswagen I*, 371 F.3d at 204–05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). The Marshall Division does not have this issue. Dkt. Nos. 15-2; 15-4 (showing the witnesses are both around 65 miles from the courthouse). Therefore, this factor favors venue in the Marshall Division.

### iii. Cost of Attendance for Willing Witnesses

The cost of attendance favors Marshall. The drive to the Sherman courthouse would be significantly longer for the non-party witnesses. *Supra* II-b-ii. The only eyewitness to the crash, Mr. Wade, has stated that the Marshall Division is a more convenient venue. *See* Dkt. Nos. 15-8; 15-9. Adding to this, no current witnesses are based in Sulphur Springs. The only potential witness based in Sulphur Springs is the police investigator as no medical first responders or other police officers were involved. Even if the investigator is called to testify at trial, as opposed to the more likely scenario of providing videotaped deposition testimony, the Sulphur Springs Police Department headquarters is essentially the same distance from the two courthouses. S*ee* Dkt. Nos. 15-10; 15-11 (showing the distance from Sulphur Springs to the respective courthouses is a

difference of 19 miles). Thus, this factor weighs against transfer given that the Sherman Division is not clearly more convenient for the key non-party witnesses.

### iv. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Defendants do not identify any considerations that relate solely to this factor. Plaintiff argues this case will "likely proceed to trial much more quickly in the Marshall division since the Court has already entered a scheduling order and set this matter for trial on November 2, 2020." Dkt. No. 15 at 14 (citing Dkt. No. 8). Therefore, this factor weighs in favor of Marshall.

### c. Public Interest Factors

#### i. Administrative Difficulties Flowing from Court Congestion

The parties have not identified any considerations that relate solely to this factor. While the Marshall Division may have a somewhat heavier civil docket, the Sherman Division has a much heavier criminal docket. This factor is neutral.

#### ii. Local Interest in Having Localized Interests Decided at Home

While Hopkins and Delta Counties are in the Sherman Division, there is no appreciably greater interest in this case in the Sherman Division than in the adjoining Marshall Division. This factor favors transfer, but only slightly.

#### iii. Familiarity of the Forum with the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors. Therefore, these factors are neutral.

## III. CONCLUSION

The Court finds Defendants have not shown that the Sherman Division is clearly more convenient. Accordingly, Defendants' Motion is **DENIED**.

**SIGNED this 20th day of May, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE