IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | | |
|---|---|---|
| ZOILA PAZ ORTEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 2:20-cv-00069-RSP |
| | § | |
| TRIUS TRUCKING, INC. AND | § | |
| GABRIEL CUEVAS CASTRO | § | |
| | § | |
| Defendants | § | |

## FIRST AMENDED DOCKET CONTROL ORDER

The Court hereby orders the following schedule of deadlines and is in effect until further

order of this Court:

| Original Deadline | Proposed Deadline | Event |
|---|---|---|
| November 2, 2020 | | Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| October 19, 2020 | | Pretrial Conference – 1:30 p.m. in **Marshall, Texas** before Judge Roy Payne |
| October 8, 2020 | | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions *in Limine,* Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |
| September 29, 2020 | | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires |

| | | |
|---|---|---|
| October 1, 2020 | | File Motions *in Limine*<br><br>The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |

| | | |
|---|---|---|
| October 1, 2020 | | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| October 1, 2020 | | Serve Pretrial Objections |
| September 17, 2020 | | Serve Pretrial Disclosures |
| September 17, 2020 | | Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56. |
| September 3, 2020 | | Deadline for Filing Dispositive Motions and any other motions that may require a hearing; including *Daubert* motions. |
| September 3, 2020 | | Defendant to Identify and Give Notice of Trial Witnesses |
| August 27, 2020 | | Plaintiff to Identify and Give Notice of Trial Witnesses |
| August 20, 2020 | | File Response to Amended Pleadings |

| August 20, 2020 | **September 21,** | Mediation to be completed |
|---|---|---|
| August 6, 2020 | | File Amended Pleadings **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| July 30, 2020 | **August 31, 2020** | Discovery Deadline |
| July 23, 2020 | **August 24, 2020** | Defendant to designate Expert Witnesses Expert witness report due Refer to Local Rules for required information |

| July 23, 2020 | **August 24, 2020** | Deadline to File Motions to Compel Regarding Discovery Disputes. |
|---|---|---|
| July 9, 2020 | **August 10, 2020** | Plaintiff to Designate Expert Witnesses Expert witness report due Refer to Local Rules for required information |
| July 9, 2020 | **August 10, 2020** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |

## <u>OTHER LIMITATIONS</u>

1.   All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.   The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. *See* Eastern District of Texas Local Rule CV-7(h).

3.   The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)   The fact that there are motions for summary judgment or motions to dismiss pending;

(b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or

was made as a special provision for the parties in the other case;

(c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4.   Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5.   Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 12th day of June, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

**FIRST AMENDED DOCKET CONTROL ORDER**                                    **Page 4**